PER CURIAM.
Appellant filed this appeal from a ruling of the lower court denying his motion to vacate judgment and sentence. Appellant files this appeal under Rule 1.850 (formerly Rule No. 1) of Florida Rules of Criminal Procedure, 33 F.S.A.
Appellant was arrested without a warrant on May 8, 1965. On June 21, 1965, appellant was indicted by the Grand Jury and charged with rape. On September 13, 1965, appellant was arraigned with counsel present and pleaded not guilty. On October 18, 1965, appellant was tried and found guilty of assault with intent to commit rape and was sentenced to a term of fifteen years in the State Prison. On August 22, 1966, appellant filed a Motion to Vacate Sentence under Rule No. 1 of Florida Rules of Criminal Procedure, which was denied by the lower court. On June 23, 1967, appellant filed a second motion to vacate, which was denied by the lower court. This appeal is from the denial of appellant’s second motion to vacate.
The appellant has asked us to consider all of the allegations as a whole to determine if the record indicates that he was denied a fair trial.
In the case of Reddick v. State, Fla.App.1966, 190 So.2d 340, 350, it is stated:
“ * * * the true criterion of whether collateral attack is permissible is not, as a general rule, whether a specific constitutional guaranty was violated, but whether the defendant, on the whole record, was denied a fair trial.”
After a very careful review of the record we can find nothing to show that the appellant was prejudiced in any way which could determine that he was not given a fair trial. The allegations contained in appellant’s motion are either refuted by the record, or are insufficient as a matter of law. We must and do affirm the action of the lower court in denying appellant’s motion to vacate as brought under Rule 1.850 (formerly Rule No. 1) of Florida Rules of Criminal Procedure.
Affirmed.
LILES, C. J., and ALLEN and PIERCE, JJ., concur.